**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Wendy Whitney,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Diversified Adjustment Service, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | Civil Action No.: 5:17-CV-160[DNH/DEP]<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Wendy Whitney, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Wendy Whitney ("Plaintiff"), is an adult individual residing in Nedrow, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Diversified Engages in Harassment and Abusive Tactics**

12. Within the last year, Diversified began calling Plaintiff in an attempt to collect the Debt.  The Debt is allegedly owed by Plaintiff's boyfriend, Kenneth Cox (the "Debtor").

13. Plaintiff is not the Debtor, did not co-sign for the Debt, and is in no way responsible for its repayment.

14. At all times mentioned herein, Diversified called Plaintiff's cellular telephone, number 315-xxx-4543, using an automatic telephone dialing system ("ATDS") and/or using an artificial or prerecorded voice.

15. When Plaintiff answered calls from Diversified, she heard a prerecorded message.

16. Plaintiff never provided her cellular telephone number to Diversified or to the Creditor, and never provided her consent to receive automated calls from Diversified.

17. On multiple occasions, Plaintiff spoke with Diversified and requested that all calls to her cease immediately.

18. Nevertheless, Diversified continued to place automated calls to Plaintiff's cellular telephone number in an attempt to collect the Debt.

## C. Plaintiff Suffered Actual Damages

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

20. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

24. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

25. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. At all times mentioned herein, Defendants called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

29. Defendants placed automated calls to Plaintiff's cellular telephone number despite knowing that they lacked consent to do so.  In the event that Defendants had consent to place automated calls to Plaintiff's cellular telephone number, Plaintiff revoked that consent when she requested that Defendants cease all calls to her cellular telephone number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

30. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

31. Plaintiff was annoyed, harassed, and inconvenienced by Defendant's calls.

32. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

34. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. The acts, practices and conduct engaged in by Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

37. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

38. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

39. By virtue of the foregoing, Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Actual damages, trebled, pursuant to NY GBL § 349;

4.  The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6.  Punitive damages in such amount as is found appropriate; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 13, 2017

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff